UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA HOLMES, | : | |
| | : | |
| Plaintiff, | : | Case No. 4:21-cv-01683-MWB |
| | : | |
| v. | : | |
| | : | |
| AMERICAN HOME PATIENT/LINCARE, | : | |
| | : | |
| Defendant. | : | |

### Plaintiff's Pretrial Memorandum

Date conference was held by counsel: **February 12, 2024.**

A. Brief statement as to federal court jurisdiction.

**This Honorable Court has subject matter jurisdiction over the cause of action in this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because Plaintiff states questions under federal law pursuant to The Civil Rights Act of 1866, 42 U.S.C. § 1981.**

B. Summary statement of facts and contentions as to liability.

**This case involves a hostile work environment claim brought by Patricia Holmes against American Home Patient, Inc. Shortly after her employment began in October of 2019, Holmes was subjected to repeated racial slurs and derogatory statements concerning her race. Holmes was the only African American employee at the State College office of American Home Patient. Holmes complained about the hostile work environment by her manager, Timothy McCoy, and a co-worker, Beverly Hibbert. Thereafter, the company's Employee Relations Manager, Lois Dodson conducted interviews as part of an investigation**

1

**that ultimately led to the termination of Hibbert's employment and a written warning to McCoy. Holmes resigned on July 7, 2020.**

C. Comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3. No facts should be denied unless opposition counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds. The parties must reach agreement on uncontested facts even though relevancy is disputed.

**1. Patricia Holmes began her employment with American Home Patient on October 14, 2019, as a Customer Service Representative in the Company's State College office.**

**2. American Home Patient provides in-home respiratory and durable medical equipment, such as oxygen, CPAP and BiPAP machines and in-home ventilators.**

**3. The Center Manager, Timothy McCoy, was Holmes's supervisor and the only manager at American Home Patient's State College office.**

**4. American Home Patient is owned by Lincare Holdings, Inc., and its employee policy handbook is the same one that is used by Lincare Inc., which is another Lincare Holdings company.**

**5. Linde USA is the ultimate parent company of both American Home Patient and Lincare Inc.**

**6. Ms. Holmes notified American Home Patient on July 7, 2020, that she was resigning from employment effective one week later.**

**7. Ms. Holmes's last day of employment with American Home Patient was July 14, 2020.**

D. Brief description of damages:

**Plaintiff seeks non-economic compensatory and punitive damages. Plaintiff's non-economic damages include: pain, suffering, mental anguish, emotional distress, damage to her reputation, embarrassment, humiliation, and inconvenience.**

E. Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.

> **Patricia Holmes**
> **203-14 Hollis Avenue**
> **Queens, NY 11412**
>
> **Tim McCoy**
> **C/O Jo Bennett, Esq.**
>
> **Tammy Dunmire**
> **657 Valley View Road**
> **Bellefonte, PA 16823**
>
> **Haley Eichelberger**
> **C/O Jo Bennett, Esq.**
>
> **Lois Dodson**
> **C/O Jo Bennett, Esq.**
>
> **Mark Cattron**
> **C/O Jo Bennett, Esq.**

F. Summary of testimony of each expert witness.

> **Not applicable**

G. Special comment about pleadings and discovery, including depositions and the exchange of medical reports.

> **None.**

H. A summary of legal issues involved and legal authorities relied upon.

> **Plaintiff claims she was subjected to a hostile work environment pursuant to 42 U.S.C. §1981. Plaintiff seeks compensatory and punitive damages. ECF 29; Castleberry v. STI Grp., 863 F.3d 259 (3d Cir. 2017).**

I. Stipulations desired.

- **Authenticity and admissibility of exhibits**
- **Net worth of the defendant**

J.     Estimated number of trial days.

**2-3 trial days**

K.     Any other matter pertinent to the case to be tried.

**None.**

L.     Pursuant to Local Rule 16.3 append to the memorandum a pre-numbered schedule of exhibits, with brief identification of each, of the clerk's exhibit form.

**Exhibit list attached**

M.     Append any special jury questions which counsel desires to submit.

**Plaintiff's proposed jury verdict form is being filed separately per Order of Court.**

N.     Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.

**Not applicable**

O.     Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and video tapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.

**Plaintiff currently expects that all of the witnesses listed in Section E above will testify live at trial.**

P.     In all trials without a jury, requests for findings of both fact and law shall be submitted with this memorandum as required under Local Rule 48.2.

**Not applicable**

                                        Respectfully submitted,

                                        Bordas and Bordas, PLLC

Dated: February 26, 2024           <u>/s/ *Thomas B. Anderson, Esquire*</u>
                                        Thomas B. Anderson, Esquire
                                        PA I.D. #79990
                                        One Gateway Center
                                        420 Fort Duquesne Blvd., Suite 1800
                                        Pittsburgh, PA  15222
                                        (412) 502-5000

                                        Attorneys for the Plaintiff

Caption: Patricia Holmes v. American HomePatient/Lincare

Case No: 4:21-cv-01683-MWB

Judge: Matthew Brann

Date: February 12, 2024

# EXHIBIT LIST

| | Completed by Counsel | Completed by Courtroom Deputy | | |
|---|---|---|---|---|
| Exhibit No. (P/D-#) | Exhibit Description | Date Identified | Date Admitted | Witness |
| P-1 | Employment Offer 10/3/2019 | | | |
| P-2 | Employee Handbook Excerpts | | | |
| P-3 | Fit Test Record | | | |
| P-4 | Fit Test Image | | | |
| P-5 | "Coonie" Image | | | |
| P-6 | Racism Accusation HR investigation | | | |
| P-7 | Dodson Notes Holmes Interview | | | |
| P-8 | Dodson Notes Employee Interviews | | | |
| P-9 | Hibbert Final Written Warning | | | |
| P-10 | Hibbert Employment Termination | | | |
| P-11 | McCoy Written Warning | | | |
| P-12 | Cattron Calendar 3/16/2020 | | | |
| P-13 | Linde Group Press Release 2/2/2016 | | | |
| P-14 | Holmes and Dodson Email 3/23/2020 | | | |
| P-15 | Notice of Resignation 7/7/2020 | | | |
| P-16 | Declaration of Lois Dodson | | | |