UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA HOLMES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN HOME )<br>PATIENT/LINCARE, )<br>)<br>Defendant ) | No. 4:21-cv-01683-MWB |

## **PLAINTIFF'S RESPONSE TO ORDER OF COURT, ECF DOC. 80**

During the final pretrial conference in this case, this Honorable Court asked Defendant's counsel if a corporate representative would be in attendance at trial. Defense counsel responded that she expected Mark Cattron, Lincare's Area Manager and Timothy McCoy's direct supervisor, would be in attendance at trial and would likely serve as the corporate representative of the defendant.

Defendant's counsel had previously agreed to accept service of trial subpoenas concerning witnesses in the control or employment of the defendant. On February 14, 2024, Plaintiff sent subpoenas to defense counsel to secure the attendance at trial of Mark Cattron, Lois Dodson, Timothy McCoy, and Haley Eichelberger to provide testimony during Plaintiff's case in chief.

Consistent with Plaintiff's opposition to Defendant's motion in limine to exclude punitive damages and for bifurcation, as well as this Honorable Court's Memorandum Opinion, ECF Doc. 68, Plaintiff's counsel requested that the defendant agree to stipulate to the net worth of the defendant. Defendant has refused to stipulate to its net worth, which is of course relevant, but not necessary for the plaintiff to obtain an award of punitive damages. See In re Lemington Home for the Aged, 777 F.3d 620, 634 (3d Cir. 2105); and Kozlowski v. JFBB Ski Areas, Inc., 2020 WL 2468408, *8-9 (M.D. Pa. May 13, 2020) (attached hereto as Exhibit 1).

Plaintiff does not wish to reopen discovery. Rather, Plaintiff merely seeks to have a representative of the defendant testify as to the net worth of the defendant. American HomePatient's financial information has been included in the consolidated balance sheet of the company's parent company Linde PLC since February 2016. See Linde Group's Press Release dated February 2, 2016, attached hereto as Exhibit 2. On February 6, 2024, Linde PLC, publicly reported its 2023 financial data. See Exhibit 3, attached hereto, published at www.linde.com/news-and-media/2024/linde-reports-full-year-and fourth-quarter-2023-results. Linde PLC published its net worth as of December 31, 2023 at page 6 of 10.[1] Total

---

[1] "Net worth is a valid measure of a defendant's wealth." Carlini v. Glenn O. Hawbaker, Inc., 219 A.3d 629, 640 (Pa. Super. 2019). In Carlini, the trial court took "judicial notice that generally net worth can be determined by subtracting liabilities from assets." Id.

assets were reported as $80,811 Million Dollars or $80,811,000,000. Id. Total liabilities were reported as $39,716 Million Dollars or $39,716,000,000. Id. Therefore, the net worth of Linde PLC and Subsidiaries as of December 31, 2023 was $41,095,000,000.

Consistent with the Memorandum Opinion of this Honorable Court referenced above, Plaintiff intends to offer evidence of the wealth of the defendant for purposes of punitive damages. Plaintiff proposed the easiest way of presenting evidence of the wealth of the defendant, by stipulation. However, because the defendant has thus far refused to stipulate to the wealth of the defendant, Plaintiff served a subpoena upon defense counsel requesting appearance at trial of a representative of the defendant who can simply testify as to the net worth of the defendant.

Plaintiff does not require additional discovery or the production of financial documentation at trial. Plaintiff merely seeks to avoid gamesmanship by the defendant in the form of a corporate representative who will be present at trial, who will testify during Plaintiff's case in chief, but who may claim ignorance as to the wealth of the corporate defendant that he purports to represent.

Plaintiff could simply ask Mr. Cattron to admit that the defendant's net worth is 41 Billion, 95 Million Dollars and in response Mr. Cattron may either admit the fact or deny it and provide a different number. Alternatively, Mr.

Cattron might claim lack of knowledge of the wealth of the defendant. If Mr. Cattron's knowledge or recollection of the wealth of the company that he will be representing at trial is insufficient to provide the jury with truthful and accurate information which he can presumably confirm with a single phone call or email, so be it. Plaintiff does not require the production of additional documents at trial or any additional discovery. Plaintiff merely seeks to present to the jury true and accurate evidence of the wealth of the defendant to aid the jury in its consideration of the appropriate amount of punitive damages if the jury in its discretion decides to award punitive damages.

For the reasons set forth herein, this Honorable Court should deny Defendant's motion to quash the subpoena. Alternatively, only the request that the defendant's corporate representative bring financial documents to the trial should be quashed.

Dated: April 2, 2024                                Respectfully submitted,


/s *Thomas B. Anderson, Esquire*
Thomas B. Anderson, Esquire
PA I.D. #79990
Bordas and Bordas, PLLC.
420 Fort Duquesne Blvd., Suite 1800
One Gateway Center
Pittsburgh, PA 15222
(412) 502-5000
Email: tanderson@bordaslaw.com