IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA HOLMES, | : |
| Plaintiff, | : Case No. 4:21-cv-01683-MWB |
| v. | : |
| AMERICAN HOME PATIENT/LINCARE, | : |
| Defendant. | : |

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO QUASH SUBPOENA
ADDRESSED TO AHOM CORPORATE REPRESENTATIVE**

Plaintiff Patricia Holmes ("Plaintiff") seeks to obtain the testimony of corporate Defendant American Home Patient, Inc. ("AHOM") on specific topics related to AHOM's net worth using a subpoena issued under Federal Rule of Civil Procedure 45 ("Rule 45"), even though Rule 45 provides no authority for obtaining corporate testimony at trial. In fact, this same approach has been specifically rejected by a neighboring federal court applying well-established Third Circuit principles. Plaintiff's subpoena is improper and should be quashed.

In *Board of Regents v. Bos. Sci. Corp.*, Civil Action No. 18-392-GBW, 2023 U.S. Dist. LEXIS 9947 (D. Del. Jan. 20, 2023) (copy attached as Exhibit A), the plaintiff served a Rule 45 subpoena requiring the defendant to

produce corporate representatives to testify at trial on four topics. *Id.* at *1. The District Court granted the motion to quash, explaining that:

> [T]he plain text of Rule 45 prohibits directing a subpoena to attend trial to a corporation and . . . even if it did not, the Court would exercise its discretion to quash the subpoena. Rule 30(b)(6) permits a party to "name as the deponent a public or private corporation" and "describe with reasonable particularity the matters for examination" and requires the "named organization" to "designate" an individual "to testify on its behalf . . . ." Rule 45, by comparison, nowhere mentions a corporation. Instead, Rule 45(a)(1)(A)(iii) permits a subpoena to "command each person to whom it is directed to . . . attend and testify . . . ." Even if "person" included a corporation, the lack of a provision in Rule 45 that is similar to Rule 30(b)(6) suggests no similar power was intended under Rule 45. . . . [T]he Third Circuit's focus on the plain meaning of the Federal Rules, *see Elliott v. Archdiocese of New York*, 682 F.3d 213, 225 (3d Cir. 2012) ("[T]he Federal Rules of Civil Procedure, like any other statute, should be given their plain meaning") . . . support this result.

*Id.* at *5-6. The District Court further determined that, even if Rule 45 permitted service of a trial subpoena with topics on a corporate party, the Court would exercise its discretion and grant the motion to quash on the basis that "Plaintiffs had the opportunity to question both witnesses at an earlier stage of the trial . . . and provide[d] no reason that they were unaware of these topics during earlier phases of this litigation . . . ." *Id.* at *6-7.

The issue before this Court is identical to that addressed by the District Court in *Bos. Sci. Corp.*, and the result should be the same. Nowhere does Rule 45 permit a plaintiff to subpoena a corporate witness for trial and specify topics for which the witness must prepare and testify on behalf of the company.

Plaintiff had every opportunity during discovery to learn the identities of AHOM representatives with knowledge of the financial condition of AHOM and had the corresponding option of issuing witness subpoenas for those individuals.[1] As Plaintiff acknowledged in her response, AHOM has accepted service of subpoenas for four individual witnesses employed by AHOM. (Dkt. 86, p. 1). Plaintiff may question any subpoenaed witnesses regarding their personal knowledge of the topic at hand.[2] But, Plaintiff cannot purport to subpoena a corporate party and dictate topics for a trial witness using Rule 45.

Because the "plain text" of Rule 45 "prohibits directing a subpoena to attend trial to a corporation[,]" the Court should grant AHOM's motion to quash the subpoena. If the Court quashes the subpoena on this ground, any document requests associated with the subpoena would also be improper. AHOM respectfully

---

[1] It should be noted that Plaintiff served no document requests or interrogatories during discovery on AHOM seeking information regarding its net worth, despite the fact that Plaintiff claimed entitlement to punitive damages in her original Complaint. (Dkt. 1, pp. 5, 7).

[2] The unauthenticated records Plaintiff attaches to her response are not even records of AHOM (the party defendant in this case) but, rather, records related to the parent company of AHOM. It is unclear whether Plaintiff intends to question the subpoenaed witnesses regarding their knowledge of AHOM's parent company's net worth (which would be irrelevant to these proceedings) or another topic relating to AHOM.

requests that the Court proceed with trial based upon the properly subpoenaed witnesses and documents previously obtained during discovery.

        Respectfully submitted,

        CULHANE MEADOWS, PLLC

        *s/ Jo Bennett*
        Jo Bennett (Pa. ID No. 78333)
        40 W. Evergreen Ave., Suite 101
        Philadelphia, PA 19118
        Telephone: (215) 880-0084
        Facsimile: (215) 248-2381
        Email: jbennett@cm.law

        *s/ Mishell B. Kneeland*
        Mishell B. Kneeland
        (admitted *pro hac vice*)
        (NY ID No. 2817922)
        Culhane Meadows, PLLC
        Nat'l Litigation Support Ctr
        13101 Preston Rd., Suite 110-1510
        Dallas, TX 75240
        Telephone: (512) 910-5463
        Email: mkneeland@cm.law

        *Counsel for Defendant*

Dated: April 2, 2024