IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA HOLMES, | No. 4:21-CV-01683 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| AMERICAN HOME PATIENT/LINCARE, | |
| Defendants. | |

# MEMORANDUM OPINION AND ORDER

### APRIL 3, 2024

Plaintiff, Patricia Holmes, has sued Defendants, American Home Patient, Inc. ("AHOM") and Lincare Inc., alleging she faced a racially hostile work environment. Pending before the Court is AHOM's Motion to Quash Subpoena filed on March 22, 2024.[1] For the reasons below, this Motion is denied.

AHOM presents two arguments in support of its Motion. First, it asserts that this subpoena seeks to reopen discovery well past the case management deadlines.[2] Second, it contends that Federal Rule of Civil Procedure 45 "provides no authority for obtaining corporate testimony at trial."[3]

---

[1]   *See* Doc. 75 (Motion to Quash Subpoena).
[2]   *See* Doc. 77 (Brief in Support of Motion to Quash Subpoena).
[3]   *See* Doc. 87 (Reply Brief in Support of Motion to Quash Subpoena).

1.   **Reopen Discovery**

As represented by Plaintiff, the subpoena is not reopening discovery but merely seeking to have a corporate representative testify to AHOM's net worth at trial.[4] As this information is relevant to the jury's consideration of punitive damages, the Court agrees with this representation. Accordingly, this is not a valid reason to quash the subpoena.

2.   **Rule 45 Applicability**

"Rule 45 permits a subpoena to issue 'that command[s] each person to whom it is directed to … attend and testify[,]' including at trial."[5] When interpreting Rule 45, it must "be given [its] plain meaning."[6] Squashing a subpoena under Rule 45 is also "subject to a district court's discretion."[7]

AHOM asserts that Rule 45 is not a proper vehicle to obtain a corporate representative at trial. In doing so, Defendant relies exclusively on an unpublished decision from the District of Delaware, *Bd. of Regents v. Bos. Sci. Corp.*,[8] that analyzes Rule 45 under similar circumstances. This recent decision appears to be the only directly on-point case where a District Court in our Circuit addresses this issue. After a thorough review of the Federal Rules of Civil Procedure and the

---

[4]   *See* Doc. 86 (Plaintiff's Response to March 26, 2024 Ord.).
[5]   *Bd. of Regents v. Bos. Sci. Corp.*, Civ. No. 18-392-GBW, 2023 U.S. Dist. LEXIS 9947, at *2 (D. Del. Jan. 20, 2023) (quoting FED. R. CIV. P. 45(a)(1)(A)).
[6]   *Elliott v. Archdiocese of New York*, 682 F.3d 213, 225 (3d Cir. 2012).
[7]   *Bd. of Regents*, 2023 U.S. Dist. LEXIS 9947, at *3 (citing *Shahin v. Delaware*, 563 F. App'x 196, 200 (3d Cir. 2014)).
[8]   *Bd. of Regents v. Bos. Sci. Corp.*, Civ. No. 18-392-GBW, 2023 U.S. Dist. LEXIS 9947 (D. Del. Jan. 20, 2023)

relevant caselaw, I respectfully disagree with the analysis in that decision as explained below.[9]

First, I find unconvincing the notion that a corporation is not a "person" for purposes of Rule 45.[10] To hold otherwise, without a clear textual indication, would inexplicably exclude corporations from the scope of Rule 45 subpoenas despite the common conclusion that corporations are "persons" under the Federal Rules of Civil Procedure.[11]

Next, a structural comparison between Rule 45 and Federal Rule of Civil Procedure 30(b)(6), which provides for a mechanism to "designate" a specific individual as a corporate deponent, does not justify quashing the present subpoena. When analyzing these two Rules, *Bd. of Regents* emphasizes that Rule 45 explicitly lacks this approach. Although the Third Circuit has interpreted Rule 45 by looking to other Rules in the past,[12] the current comparison is unavailing.

---

[9] In reaching this decision, I note that my conclusion is supported by out of Circuit caselaw. *See e.g.*, *HTC Corp. v. Tech. Props.*, No. 5:07-CV-00882-PSG, 2013 U.S. Dist. LEXIS 198370 (N.D. Cal. Sept. 20, 2013); *Conyers v. Balboa Ins. Co.*, No. 8:12-CV-30-T-33EAJ, 2013 U.S. Dist. LEXIS 78999 (M.D. Fla. June 5, 2013).

[10] *See e.g.*, *Rosenruist-Gestao E Servicos LDA v. Virgin Enters.*, 511 F.3d 437, 445 (4th Cir. 2007) ("Thus, the word 'person' in Rule 45 is not limited to merely 'natural persons' but includes juristic persons like corporations and governments as well."); *Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006) ("[t]he term 'person' as used in the Federal Rules of Civil Procedure consistently means … natural persons and business associations … [as well as] governments" and concluding that "the Government is a 'person' subject to subpoena under Rule 45").

[11] *See e.g.*, *Yousuf*, (noting that the Government is considered a person elsewhere in the Federal Rules of Civil Procedure and concluding that mattered for whether the Government was a Rule 45 "person.").

[12] *See e.g.*, *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.*, 126 F.3d 215, 221 (3d Cir. 1997).

Despite both addressing subpoenas, Rule 30 is narrowly targeted at depositions. This more specific provision does not control Plaintiff's attempt to compel the attendance of a corporate representative at trial. Further, the persuasiveness of this argument hinges on the conclusion that a corporation is not a Rule 45 "person." A "natural person," even when unnamed in the subpoena, will ultimately need to be the individual through which the corporation acts and speaks at trial. It is only when a corporation is not considered to be a Rule 45 "person" that the designation process under Rule 30(b)(6) enters the analysis to determine who the subpoena is directed at.

I also take a moment to distinguish the out of Circuit caselaw relied upon by the District of Delaware. Notably, both the Court of Appeals for the Sixth Circuit and the Court of Appeals for the Ninth Circuit merely concluded that it was not an abuse of discretion for a district court to deny a Rule 45 subpoena because it was directed at a corporation.[13] While certainly relevant, the very brief analysis performed in both cases does not compel this Court to reach the contrary decision.

Finally, I acknowledge that Plaintiff could have obtained this information earlier in discovery. Despite recognizing this, I will not exercise my discretion to quash a subpoena directed at soliciting relevant testimony at trial. In reaching this conclusion, the Court remains "mindful that, although sometimes relevant to a

---

[13] *See Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 553 (6th Cir. 2015) and *Donoghue v. Orange Cnty.*, 848 F.2d 926, 932 (9th Cir. 1987).

punitive damages assessment, a parent company's assets should not be admitted into evidence absent the naming of that parent company as a party."[14] In the present suit, AHOM and Lincare Inc. are the Defendants. As represented to the Court, Lincare Inc. is an affiliate of AHOM, not its parent company.[15] It is therefore not appropriate to admit into evidence information concerning Linde PLC's assets. While the subpoena is properly targeted at a corporate representative for AHOM, the corporate representative will be limited to testifying to AHOM's net worth at trial; the AHOM corporate representative may not, then, testify as to the net worth of Linde PLC.

In accordance with the above, **IT IS HEREBY ORDERED** that Defendant's Motion to Quash Subpoena (Doc. 75) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[14] *Borrell v. Bloomsburg Univ.*, 207 F. Supp. 3d 454, 501 (M.D. Pa. 2016) (Caputo, J.) (citing *St Croix Renaissance Grp., LLLP v. St. Croix Alumina, LLC,* 2010 U.S. Dist. LEXIS 122611, 2010 WL 4723897, at *2 (D.V.I. Nov. 18, 2010); *Herman v. Hess Oil Virgin Islands Corp.*, 379 F. Supp. 1268, 1277 (D.V.I. 1974), *aff'd* 524 F.2d 767 (3d Cir. 1975)).

[15] *See* Doc. 8 (Lincare Inc.'s Answer) ("Lincare In. is an affiliate of American Home Patient Inc. Lincare did not employ Plaintiff); Doc. 10 (FED. R. CIV. P. 7.1 Disclosure Statement) (identifying Lincare Holdings Inc. as AHOM's parent corporation); and Doc. 22 (Motion for Summary Judgment) ("AHOM is a wholly owned subsidiary of Lincare Holdings Inc. Lincare Inc. is also a wholly owned subsidiary of Lincare Holdings Inc.").