**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA HOLMES, | No. 4:21-CV-01683 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| AMERICAN HOME PATIENT/LINCARE, | |
| Defendant. | |

## JURY CHARGE

### APRIL 10, 2024

Members of the jury: You have seen and heard all the evidence to be presented and the arguments of the parties. I will now instruct you on the law that you must apply. These instructions, and those that I gave to you before and during the trial, must guide you in reaching a decision in this case.

## I.     DUTIES OF THE JURY

When you retire to the jury room to deliberate, you may take with you these instructions and your notes. The exhibits that the Court has admitted into evidence are already preloaded into the electronic jury system in the jury room. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the

evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone like Galaxies or iPhones, or computer of any kind; the internet, any internet service, or any text or instant messaging service like X, formerly known as Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, LinkedIn, TikTok, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.

The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or

manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## II.     EVIDENCE

### A.     What Is and Is Not Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of both the testimony of the witnesses and the documents and other things received as exhibits.

The following are not evidence:

- Statements and arguments of the attorneys for the parties in this case;

- Questions by the attorneys;

- Objections by attorneys, including objections in which the attorneys stated facts; and

- Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

### B.     Objections and Evidentiary Rulings

As I told you in my preliminary instructions, the rules of evidence control

what can be received into evidence. During the trial, the parties objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the parties were asking me to decide whether the evidence should be allowed under the rules. You should not be influenced by the fact that an objection was made.

You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the parties may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers have said is not evidence and is not binding on you. It is your own recollection and interpretation

of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

### C.    Direct and Circumstantial Evidence

Let me speak now about direct and circumstantial evidence.

Two general types of evidence have been used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled. For example, a witness may testify that he or she saw it raining outside.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you can infer some other fact through reason, experience, and common sense. For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella—that would be circumstantial or indirect evidence from which you could reasonably infer that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Plaintiff may ask you to draw one inference, and the Defendant may ask you to draw another. You, and you alone, must decide what reasonable inferences to draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that was presented in this trial, both direct and circumstantial. The law makes no distinction between the weight that you should give to either type. It is for you to decide how much weight to give any evidence.

### D.    The Role of Counsel

As I have explained, the statements and arguments of the attorneys are not evidence unless made as an admission or stipulation.

The purpose of an argument to the jury is to suggest inferences and deductions which the particular attorney believes can be drawn from the evidence. While you may follow the inferences and deductions that are suggested to you by a particular attorney, if they seem reasonable and logical to you, you are not bound to do so.

During their argument, the attorneys are permitted to make reference to evidence that they believe supports their position; they are permitted to refer to evidence from which they believe an inference can be drawn that supports their position; and in the course of their reference to the evidence, they are permitted to

characterize the evidence in a certain way. In all cases it is your recollection of the evidence which controls, not the attorney's recollection of what the evidence shows.

### E.     Bench Conferences and Sidebars

You observed during the course of the trial that the court from time to time called the attorneys to the bench for a conference. You are admonished not to draw any unfavorable inference or inferences whatsoever from these conferences for or against any of the parties to the case. If the court felt that the jury should hear anything that was discussed out of its hearing at the bench, the court permitted that to be presented to you in open court.

### F.     Credibility and Weight

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses, which simply means you decide whether a witness is worthy of belief. Was the witness truthful? Was his testimony accurate? You may believe everything a witness says, part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case. Decide whether to believe a witness just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and

accurate in his or her recollection. Remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors, including:

- The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

- The quality of the witness' knowledge, understanding, and memory;

- The witness' appearance, behavior, and manner while testifying;

- Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

- Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

- Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

- Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

- Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human

experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think his testimony deserves.

### G.    Opinion Testimony

You have heard testimony containing opinions from a number of witnesses. In weighing this opinion testimony, you may consider the witness' qualifications, the reasons for that witness' opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of the witness should

receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

## H.    Opinion Evidence (Lay Witnesses)

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness' perception and is helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue.

In this case, I permitted a number of witnesses to offer their opinions based on their perceptions. The opinion of these witnesses should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of the witnesses.

## I.    False in One, False in All

If you believe a witness knowingly testified falsely concerning any important matter, you may distrust the testimony of that witness concerning other matters. You may reject all of the witness' testimony or you may accept the parts of the witness' testimony that you believe are true.

## J.    Impeachment of Witness - Prior Inconsistent Statement

You also heard evidence that certain witnesses made statements before this trial that were made under oath and that may be different from their testimony at

trial. When a statement is made under oath, you may not only use it to help you decide whether you believe the testimony of these witnesses in this trial but you may also use it as evidence of the truth of what these witnesses said in the earlier statements. But when a statement is not made under oath, you may use it only to help you decide whether you believe the testimony of these witnesses in this trial and not as proof of the truth of what the witness said in the earlier statements.

### K.     Stricken Evidence

I have ordered two pieces of testimony to be struck from the record. In the first, Haley Eichelberger said that Beverly Hibbert told her that Timothy McCoy stated someone should have recorded Plaintiff's fit test. In the second, Tammy Dunmire said that everyone was talking about the fit test incident in the office. I am instructing you that you must disregard these two pieces of testimony. That means that when you are deciding the case, you must not consider that testimony in any way.

### L.     Stipulations of Fact

The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat these facts as having been proved for the purposes of this case.

## M.    All Equal Before the Law

In deciding this case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## III.     BURDEN OF PROOF

The burden is on the Plaintiff, Patricia Holmes, in a civil action.

In civil cases, the Plaintiff has the burden of proving her claim by a legal standard called "preponderance of the evidence." Preponderance of the evidence means a fact is more likely true than not.

To put it differently: if you were to put the evidence favorable to Patricia Holmes on one side of a scale, and the evidence favorable to the Defendant on the opposite side of the scale, Patricia Holmes would have to make the scale tip somewhat on her side. If Patricia Holmes fails to meet this burden, your verdict must be for the Defendant, American Home Patient/Lincare.

Again, as I mentioned in your preliminary instructions, while you may have heard of the phrase "proof beyond a reasonable doubt," that is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind and only apply the preponderance of the evidence standard that I have just described to you.

# IV.    THE CLAIM

In this case, the Plaintiff, Patricia Holmes, has made a claim under the Federal Civil Rights statute that prohibits discrimination against an employee because of the person's race.

Specifically, Patricia Holmes claims that she was subject to a hostile work environment by Defendant, American Home Patient/Lincare, because of her race.

Defendant denies that Plaintiff was discriminated against in any way. Further, Defendant asserts that it exercised reasonable care to prevent and correct promptly any discriminatory harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise.

I will now instruct you more fully on the issues you must address in this case. To prove her claim, Patricia Holmes must establish all of the following elements by a preponderance of the evidence:

1.    First: Patricia Holmes was subjected to racial harassment by Timothy McCoy and/or Beverly Hibbert.

2.    Second: Timothy McCoy's and/or Beverly Hibbert's conduct was not welcomed by Patricia Holmes.

3.    Third: Timothy McCoy's and/or Beverly Hibbert's conduct was motivated by the fact that Plaintiff is black.

4.　　　Fourth: The conduct was so severe or pervasive that a reasonable person in Patricia Holmes' position would find her work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable black individual's reaction to Patricia Holmes' work environment.

5.　　　Fifth: Patricia Holmes subjectively believed her work environment to be hostile or abusive as a result of Timothy McCoy's and/or Beverly Hibbert's conduct.

## A.　　Hostile Work Environment Analysis

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

- The total physical environment of Patricia Holmes' work area.

- The degree and type of language and insult that filled the environment before and after Patricia Holmes arrived.

- The reasonable expectations of Patricia Holmes upon entering the environment.

- The frequency of the offensive conduct.

- The severity of the conduct.

- The effect of the working environment on Patricia Holmes' mental and emotional well-being.

- Whether the conduct was unwelcome, that is, conduct Patricia Holmes regarded as unwanted or unpleasant.

- Whether the conduct was pervasive.

- Whether the conduct was directed toward Patricia Holmes.

- Whether the conduct was physically threatening or humiliating.

- Whether the conduct was merely a tasteless remark.

- Whether the conduct unreasonably interfered with Patricia Holmes' work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that Patricia Holmes was harassed because of her race. The harassing conduct may, but need not, be racially-based in nature. Rather, its

defining characteristic is that the harassment complained of was linked to Patricia Holmes' race. The key question is whether Patricia Holmes, as a black individual, was subjected to harsh employment conditions to which non-black employees were not.

It is important to understand that, in determining whether a hostile work environment existed at American Home Patient/Lincare's workplace, you must consider the evidence from the perspective of a reasonable black individual in the same position. That is, you must determine whether a reasonable black individual would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable black individual. The reasonable black individual is simply one of normal sensitivity and emotional make-up.

B.     **Employer Liability**

1.     **Non-Supervisor Harasser**

If any of the above five elements of the hostile work environment claim have not been proved by a preponderance of the evidence, your verdict must be for American Home Patient/Lincare and you need not proceed further in considering this claim. Because Beverly Hibbert was not Plaintiff's supervisor, you must also

determine whether Defendant is responsible under the law for Beverly Hibbert's acts. For Defendant to be liable for the acts of harassment of non-supervisor employees, Plaintiff must prove by a preponderance of the evidence that management level employees knew, or should have known, of the abusive conduct and failed to take prompt and effective remedial action. Management level employees should have known of the abusive conduct if 1) an employee provided management level personnel with enough information to raise a probability of racial harassment in the mind of a reasonable employer or if 2) the harassment was so pervasive and open that a reasonable employer would have been aware of it.

When making this evaluation, you are directed not to consider Beverly Hibbert's conduct in March 2020, when Plaintiff claims that Beverly Hibbert spelled out and yelled the "N-word" and later attended a meeting with tape over her mouth. The Court has already determined that the Defendant cannot be held legally liable for Beverly Hibbert's conduct in March 2020 because of the appropriate remedial actions taken against Beverly Hibbert by American Home Patient/Lincare. Any other harassing conduct by Beverly Hibbert that you conclude can be appropriately attributed to the Defendant may be considered.

### 2.    Supervisor Harasser

If any of the above five elements of the hostile work environment claim have not been proved by a preponderance of the evidence, your verdict must be for

American Home Patient/Lincare and you need not proceed further in considering this claim. If you find that the elements have been proved, then you must consider whether Timothy McCoy is the plaintiff's supervisor. If you so find, you must find for Plaintiff unless you also find that American Home Patient/Lincare has proven an affirmative defense by a preponderance of the evidence.

## V.   AFFIRMATIVE DEFENSE

You must find for American Home Patient/Lincare if you find that American Home Patient/Lincare has proved both of the following elements of their affirmative defense by a preponderance of the evidence:

1.   First: That American Home Patient/Lincare exercised reasonable care to prevent racial harassment in the workplace and also exercised reasonable care to promptly correct the harassing behavior that did occur.

2.   Second: That Patricia Holmes unreasonably failed to take advantage of any preventive or corrective opportunities provided by American Home Patient/Lincare.

Proof of the following facts will be enough to establish the first element I just referred to, concerning prevention and correction of harassment:

1.   American Home Patient/Lincare has established an explicit policy against harassment in the workplace on the basis of race.

2.   That policy was fully communicated to its employees.

3.   That policy provided a reasonable way for Patricia Holmes to make a claim of harassment to higher management.

4.   Reasonable steps were taken to correct the problem, if raised by Patricia Holmes.

On the other hand, proof that Patricia Holmes did not follow a reasonable complaint procedure provided by American Home Patient/Lincare will ordinarily be enough to establish that Patricia Holmes unreasonably failed to take advantage of a corrective opportunity.

## VI.   DAMAGES

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not American Home Patient/Lincare should be held liable.

### A.   Compensatory Damages

If you find by a preponderance of the evidence that American Home Patient/Lincare intentionally discriminated against Patricia Holmes, then you must consider the issue of compensatory damages. You must award Patricia Holmes an amount that will fairly compensate her for any injury she actually sustained as a result of American Home Patient/Lincare's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Patricia Holmes in the position she would have occupied if the discrimination had not occurred. Patricia Holmes has the burden of proving damages by a preponderance of the evidence.

Patricia Holmes must show that the injury would not have occurred without American Home Patient/Lincare's acts. Plaintiff must also show that American Home Patient/Lincare's acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of American Home Patient/Lincare's acts. This test – a substantial part in bringing about the injury – is distinguished from the test you must employ in determining

whether American Home Patient/Lincare's actions were motivated by discrimination. In other words, even assuming that American Home Patient/Lincare's actions were motivated by discrimination, Patricia Holmes is not entitled to damages for an injury unless American Home Patient/Lincare's actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that American Home Patient/Lincare's acts caused Patricia Holmes' injury, you need not find that American Home Patient/Lincare acts were the nearest cause, either in time or space. However, if Patricia Holmes' injury was caused by a later, independent event that intervened between American Home Patient/Lincare's acts and Patricia Holmes' injury, American Home Patient/Lincare is not liable unless the injury was reasonably foreseeable.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Patricia Holmes experienced as a consequence of American Home Patient/Lincare's allegedly unlawful acts. No evidence of the monetary value of such intangible things as pain and suffering has

been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

As I instructed you previously, Patricia Holmes has the burden of proving damages by a preponderance of the evidence. But the law does not require that Patricia Holmes prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as the circumstances present.

### B.    Nominal Damages

If you return a verdict for Patricia Holmes, but Patricia Holmes has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages, as I instructed you, rather than nominal damages.

### C.    Punitive Damages

Patricia Holmes claims the acts of American Home Patient/Lincare were done with malice or reckless indifference to Plaintiff's federally protected rights and that,

as a result, there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.

However, punitive damages cannot be imposed on an employer where its employees acted contrary to the employer's own good faith efforts to comply with the law by implementing policies and procedures designed to prevent unlawful discrimination in the workplace.

An award of punitive damages against American Home Patient/Lincare is therefore permissible in this case only if you find by a preponderance of the evidence that a management official of Defendant personally acted with malice or reckless indifference to Patricia Holmes' federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Patricia Holmes' federal rights, you cannot award punitive damages if American Home Patient/Lincare proved by a preponderance of the evidence that it made a good-faith attempt to comply with the

law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Patricia Holmes.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied and that American Home Patient/Lincare has not proved that it made a good-faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish American Home Patient/Lincare. You should also consider whether actual damages standing alone are sufficient to deter or prevent American Home Patient/Lincare from again performing any wrongful acts that may have been performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those American Home Patient/Lincare may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which American Home Patient/Lincare should be punished for the wrongful conduct at issue in this case, and the degree to which an award of one sum or another will deter American Home Patient/Linacre or others from committing similar wrongful acts in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon a defendant's financial resources. Therefore, if you find that punitive damages should be awarded against American Home Patient/Lincare you may consider the financial resources of American Home Patient/Lincare in fixing the amount of those damages.

## VII.      DELIBERATIONS

Now let me explain some things about your deliberations in the jury room and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I remind you again that your verdict as to each specific claim must be unanimous. To find in favor of the Plaintiff on a particular claim, every one of you must agree that the Plaintiff has proven the elements of that claim by a preponderance of the evidence.

Third: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fourth: Now that all the evidence is in and the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other,

listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently or just to get the case over with.

In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself whether the Plaintiff has proved her claims by a preponderance of the evidence. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Fifth: You have been permitted to take notes to assist you in answering the special verdict questions. Your notes are not evidence; they are merely to aid you in your recollection. Your answers to the special verdict questions must be based on the evidence, not your notes. You should not give your notes precedence over the independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror about what the testimony may have been.

Sixth: Once you start deliberating, do not talk about the case to court officials, to me, or to anyone else except each other. A few days ago, I instructed you that you are not to communicate about this case either in person or by social media or other electronic media device. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Samsung Galaxy or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, X (formerly known as Twitter), LinkedIn, SnapChat, TikTok, YouTube or Instagram to communicate any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign the paper, and then give it to a court official who will give it to me. I will first talk to the attorneys about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject. One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted in favor of or against either party.

The Clerk and all other persons are forbidden from communicating in any way or any manner with any member of the jury on any subject touching the merits of the case.

**VIII.     VERDICT FORM**

As I alluded to earlier, a verdict form has been prepared for your convenience.

For the purpose of your findings, we will be using verdict questions. As a result, our instructions to you on the law have been tailored to reflect the use of these questions. Answer questions in the same sequence as they are given to you, starting with Question 1. Note that, depending on your answer, you may be instructed to skip a question or questions.

In answering the questions, it is your duty as jurors to consult with each other and to deliberate in an effort to reach an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, public opinion, or prejudice or favor for either party, and adopt the conclusion that in your good conscience is in accordance with the truth.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

# IX.    CLOSING

Keep in mind that the dispute between the parties is, for them, a most serious matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.

Consider all the circumstances, the probabilities or improbabilities of the testimony, and what the attorneys and the Court have said. You should try to reach what is a just, true, and correct resolution of the controversy submitted to you. In reaching your conclusion, you should be guided solely by the evidence that has been presented to you, the inferences drawn from the evidence, and the instructions of the court on the law. You should not be influenced by fear, favor, prejudice, or sympathy. All the parties stand equally before the court, and each is entitled to the same fair and impartial treatment at your hands.

Counsel, has there been a failure to charge on any substantial matter of law?

## X.        BAILIFF'S OATH

I will now ask the bailiff to take the jurors to the jury room so that you may start your deliberations.

Oath to Courtroom Deputy and CSO: Do you swear that you will keep this jury in some private and convenient place and that you will suffer no one to speak to them, nor will you speak to them yourself, without leave of court, unless it be to ask them if they have agreed upon a verdict, so help you God?